IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTY M. HITE,                             )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )     CIVIL ACTION NO. 2:09cv17-WC
                                             )
MICHAEL J. ASTRUE,                           )
Commissioner of Social Security,            )
                                             )
            Defendant.                       )

# MEMORANDUM OPINION

## I.    INTRODUCTION

Plaintiff applied for supplemental security income (SSI) under Title XVI of the Social

Security Act, 42 U.S.C. §§ 1381 et seq.  Plaintiff's application was denied at the initial

administrative level.   Plaintiff then requested and received a hearing before an

Administrative Law Judge (ALJ).  Following the hearings, the ALJ also denied the claims.

The Appeals Council rejected a subsequent request for review.   The ALJ's decision

consequently became the final decision of the Commissioner of Social Security

(Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is

now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c),

both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1]        Pursuant to the Social Security Independence and Program Improvements Act of
1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human
Services with respect to Social Security matters were transferred to the Commissioner of Social
Security.

by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #14);

Def.'s Consent to Jurisdiction (Doc. #13).  Based on the Court's review of the record and the

briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]     A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically acceptable
clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

_____

[3]     *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]     *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

III.    **ADMINISTRATIVE PROCEEDINGS**

Plaintiff was thirty-five years old at the time of the hearing before an ALJ and had a high school education. (Tr. 56). Plaintiff had past relevant work experience as a fast food worker. (Tr. 99). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date (Step 1). (Tr. 36). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "polysubstance dependence; schizoaffective disorder; personality disorder NOS; bipolar disorder; and mood disorder, NOS." (Tr. 38). The ALJ then found that, excluding the effects of polysubstance abuse, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Step 3) (Tr. 27). Next, the ALJ found that, excluding the effects of polysubstance abuse, Plaintiff was capable of performing the exertional demands of work at any exertional level with a number of nonexertional limitations. (Tr. 39). Given this level of RFC, the ALJ determined that Plaintiff is able to perform past relevant work as a fast food worker, or that she could perform other work that exists in significant numbers in the national economy (Step 4) (Tr. 39-40). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 40).

IV.    **PLAINTIFF'S CLAIM**

Plaintiff presents one claim for this Court's consideration: "whether the ALJ erred by failing to  properly consider the effect of Plaintiff's impairments in combination on the Plaintiff's ability to work."  Pl.'s Brief (Doc. #10) at 4.

## V.    DISCUSSION

Plaintiff claims the ALJ failed to consider the combined effect of all of her impairments.  Specifically, Plaintiff complains that "[t]he ALJ provided no discussion or analysis at all of two of the claimant's impairments: Hepatitis C and Bulimia Nervosa."  Pl.'s Brief (Doc. #10) at 4.  The Commissioner argues that Plaintiff did not carry her burden to prove her impairments of Hepatitis C and Bulimia Nervosa are severe.

The Commissioner is correct that the burden of proof lies with Plaintiff.  As stated above, the burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  In this case, Plaintiff provided no objective medical evidence from any treating source to show that her Hepatitis C or Bulimia Nervosa limited her ability to work.  "An impairment or combination of impairments is not severe if it does not significantly limit [Plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Even now, Plaintiff fails to point this Court to supporting medical evidence to support her claim that her Hepatitis C and Bulimia Nervosa, either alone or in combination with her other impairments, affect her ability to work.

"The Commissioner acknowledges that while the ALJ did mention Plaintiff's Hepatitis C and bulimia nervosa, he did not discuss them in depth (Tr. 23-24, 26, 28)." Def.'s Brief (Doc. #11) at 5.  However, as the Commission points out, simply because an ALJ did not discuss Plaintiff's Hepatitis C and Bulimia Nervosa in detail does not mean that

6

they were not considered.  In fact, it is clear from the ALJ's opinion that he considered them. As the ALJ points out, Hepatitis C and Bulimia Nervosa are both self reported by Plaintiff and not actual diagnoses from treating physicians.  (Tr. 24 & 26).

It was Plaintiff's burden to prove the severity of her impairments and she failed to do so when she provided no medical evidence in support.   Therefore, substantial evidence supports the ALJ's implicit findings that these impairments are non-severe and do not cause more than a minimal impact on the claimant's ability to function.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 22nd day of December, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE